_____

No. 95-2315
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   District of South Dakota.
Lawren J. Barse,                   *
                                   *      [UNPUBLISHED]
          Appellant.               *

_____

          Submitted:  December 29, 1995

            Filed:  January 3, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Lawren J. Barse appeals the district court's[1] sentencing upon
revocation of his supervised release.  We affirm.


     Barse  pleaded  guilty  to  one  count  of  distribution  and
possession with intent to distribute marijuana, in violation of 21
U.S.C. § 841.  The district court sentenced Barse to four months in
prison and two years of supervised release, which began in January
1994.   In March 1995, Barse's probation officer petitioned for
revocation on the grounds that Barse violated the terms of his
release.  The district court granted the petition and sentenced
Barse to six months in prison and two years supervised release.  On
appeal, Barse argues the district court erred in imposing combined

_____

          [1]The Honorable Lawrence L. Piersol, United States District
Judge for the District of South Dakota.

terms of imprisonment and supervised release that exceed Barse's original two-year term of supervised release.

We review a sentence imposed upon the revocation of supervised release for abuse of discretion. <u>United States v. Grimes</u>, 54 F.3d 489, 492 (8th Cir. 1995). We find the district court did not abuse its discretion. Under 18 U.S.C. § 3583(h), a term of supervised release imposed upon revocation may "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Barse's initial offense authorized as much as three years of supervised release. <u>See</u> 18 U.S.C. §§ 3559(a)(4), 3583(b)(2); 21 U.S.C. § 841(b)(1)(D). Barse's two-year term of supervised release falls within the two years and six months remaining when Barse's six-month prison sentence is subtracted from the three years of supervised release authorized by statute.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-